BETHLEHEM SILK COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103861. Promulgated January 31, 1941.

*Sidney J. Schwartz, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined deficiencies of $6,169.98, $5,589.42, and $2,852.64 in petitioner's income taxes for 1936, 1937, and 1938, respectively. The petitioner bases a claim for credit on an alleged contract prohibiting dividends, and the question narrows down to whether a written contract was executed prior to May 1, 1936, as section 26 (c) (1) requires. The facts are not in dispute.

After making application for a loan, petitioner received a letter from the Federal Reserve Bank of Philadelphia, dated March 25, 1936, advising that the bank had approved a loan of $37,500, subject to eleven conditions. One condition was that no dividends should be paid until the loan was paid in full. Other conditions required petitioner to secure the loan by a mortgage on its real estate, plant, and equipment; to procure from another bank a new mortgage loan with a maturity beyond the period of this loan, and to liquidate a certain claim.

It is understood that this approval shall not be considered as binding on this bank until all papers necessary to complete this loan shall have been executed by you, delivered to and finally approved and accepted by this bank.

By letter dated March 27, 1936, petitioner advised the bank "that we accept this loan under all the conditions mentioned in your letter of approval." The conditions were met after May 1, 1936; the mortgage was executed and delivered to the bank; the final papers were approved, and the amount of the loan was received by petitioner on June 5, 1936. The loan has not yet been repaid.

The petitioner contends that the letters of March 25, 1936, and March 27, 1936, constitute the prohibitory contract which the statute requires. This contention must be rejected. The letters placed no enforceable duty on petitioner to refrain from distributing a dividend. They served only as an admonition to petitioner that if it exercised its right to pay a dividend, no contract would be executed and no loan made. If the loan had been tendered by the bank before May 1, petitioner would have been entitled to refuse it, just as it was entitled to pay a dividend if it chose. The bank had no remedy if the petitioner failed to go forward with the necessary acts preliminary to the execution of the written contract. The bank made a conditional promise to execute a loan agreement if it approved the papers. This promise it fulfilled; but not until June, 1936, when the contract was executed whereby the petitioner was bound to pay no dividends.

The petitioner's letter of acceptance of March 27, 1936, can not be regarded as the execution of the prohibitory contract, for the bank had expressly stated that its approval of the loan would not be binding until the papers were executed, approved, and accepted by it. Petitioner could not, in the face of this, make the contract nevertheless binding by its letter of acceptance, even though the bank had asked for a written acceptance of the conditions.

The prohibition against paying dividends was not operative until June 1936, and not until then could a dividend have been regarded as in violation of a contract. The contract was not executed before May 1, 1936. The credit was properly denied.

*Decision will be entered for the respondent.*